EDWARD J. HALL, JR., Respondent, *v.* CORNELIUS R. COLYER, Appellant.

*Supreme Court, Second Department, General Term, February 10, 1890.*

*Sale. Warranty.*—Where the actions of the horse, showing a bad, ungovernable temper, are manifested immediately after the sale, continue and are without reason, the jury are entitled to take the evidence of such subsequent conduct as proof of previous unkindness, and are justified in finding therefrom a breach of warranty that the horse was sound and kind in every respect.

Appeal from judgment in favor of plaintiff.

Action to recover for breach of warranty on the sale of a pair of horses which defendant warranted to be sound and kind for family use.

*Daniel B. Thompson,* for appellant.

*Melville Egleston,* for respondent.

BARNARD, P. J.—The action is one for breach of warranty given on the sale of a team of horses by defendant to plaintiff. The warranty was in writing and was that the team was "sound and kind in every respect."

The warranty being undisputed, the sole question litigated on the trial was whether there was a breach. It is proven that on the very first occasion the horses were used by the plaintiff one of the horses put down his head without cause and rushed away to one side of the road and barely escaped running into another carriage. The same horse subsequently and with the same driver again without cause "plunged across the road." The team in both instances was managed by a careful and skillful driver.

When the team arrived at plaintiff's residence and his family had gone into the house and the team started for the barn, the same horse again made a sudden turn to the side of the road. It was further proven that during the month of May, 1888, shortly after the purchase of the team, the horse again plunged to the left while plaintiff and his family were in the carriage and then barely escaped running into another carriage. The unkindness of the horse was proven by other witnesses on other occasions.

They all considered the team unsafe to drive, and if the facts testified to are to be credited, the horse was obviously vicious and ungovernable and unsafe to be used as a family team. The defendant does not deny the inference to be drawn from the evidence, but claims that it does not show unkindness at the time of the sale. When the actions of the horse showing a bad, ungovernable temper are shown so soon after the sale and continue and are without reason, the jury were entitled to take the evidence of subsequent conduct as evidence of previous unkindness.

The defendant gave evidence tending to show the fact that the horse was kind. The jury have passed upon the question, and the finding is in favor of the positive evidence of facts showing a breach of warranty.

The judgment should therefore be affirmed, with costs.

DYKMAN and PRATT, JJ., concur.